IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/28/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

STERLANDE BOISNOTE,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Case No. 26-3296-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 9, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

Petitioner is a native of Haiti who was paroled into the United States in June 2024, and immigration proceedings were initiated at that time. In November 2025, petitioner was arrested by state officials on a battery charge, and she was taken into custody by immigration officials on December 3, 2025. On April 23, 2026, an immigration judge denied petitioner's application for relief and ordered her removal, and petitioner's appeal from that order to the Board of Immigration Appeals (BIA) remains pending. Petitioner is

presently confined in this judicial district. On August 12, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and the deadline for petitioner's traverse has passed, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claims.

Petitioner first claims that she has been detained beyond the statutory removal period and that her removal in the near future is not likely. Because petitioner's appeal remains pending, however, her removal order is not yet administratively final, and therefore the statutory removal period has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i). For the same reason, the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), which applies to claims of prolonged post-final-removal-order detention under Section 1231, does not apply here as well. The Court therefore denies this claim for release from detention.

Nevertheless, petitioner is entitled to a bond hearing. The Government's position is that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that her detention therefore is not governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by

the majority of circuit courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).[1]

[1] Petitioner also claims that her prolonged detention during the pendency of her appeal violates due process. Because the remedy this Court has ordered for such a violation – a bond hearing – is now available to petitioner, the Court need not address this claim. Petitioner also complains about the conditions of her confinement, although it is not clear whether this complaint was intended as support for her due process claim or as a separate claim. The Court denies any such separate claim concerning petitioner's conditions of confinement, as such a claim is not properly raised in a habeas petition. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

With respect to the relief for this violation, the Court denies any request for release. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **October 9, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **October 9, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.